CHARLES W. SPEARS, ADMINISTRATOR, V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

FILED FEBRUARY 5, 1895. No. 6072.

1. **Review:** EVIDENCE. Because the jury has drawn one inference rather than another from the evidence, this court will not substitute the inference it might have drawn, had it been the triers, for the one made by the jury.

2. **Railroad Companies:** NEGLIGENCE. The mere fact that a man is found dead under a railroad car does not raise the presumption that he came to his death through the negligence of the railroad company.

3. **Negligence:** DEATH BY WRONGFUL ACT. In a suit by an administrator against a railroad company for negligently causing the death of his intestate, there is no presumption of law that either party was guilty of negligence.

4. ——: PROOF. Negligence is a cause of action or defense, and must be proved by the party alleging it.

5. ——: PRESUMPTION. If there is any presumption of law in such matters it is that all parties act with ordinary care, and such presumption continues until overthrown by evidence.

6. ——: EVIDENCE: QUESTIONS FOR COURT AND JURY. Whether a certain act or omission is or is not competent evidence of negligence is for the court, but whether such evidence convicts a party of negligence is for the jury. *Missouri P. R. Co. v. Baier,* 37 Neb., 235, *American Water-Works Co. v. Dougherty,* 37 Neb., 373, and *Omaha Street R. Co. v. Craig,* 39 Neb., 601, followed.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Davis & Hibner,* for plaintiff in error.

*T. M. Marquett* and *J. W. Deweese, contra.*

RAGAN, C.

O street extends east and west through the city of Lincoln. The Chicago, Burlington & Quincy Railroad Com-

pany (hereinafter called the "Railroad Company") has two tracks which cross this street at right angles and at grade. One of these tracks will hereinafter be called the freight track, and the other the scale track. The scale track is some eight or ten feet west of the freight track. On and prior to October 10, 1890, the Railroad Company kept a watchman at the intersection of these tracks with the street aforesaid, and had erected at or near the intersection of these tracks with said street a gong for the purpose of giving notice to persons travelling on said street of the approach of trains to said street on said tracks; and just west of the scale track had two head-lights with reflectors erected in such a manner that one of said reflectors would throw the light toward the east on said O street and the other toward the west on said O street. On and prior to the date aforesaid one Edward Pasby resided in that portion of Lincoln lying west of said scale track. And between 7 and 9 o'clock in the evening of said day, Pasby went into a saloon, situate some considerable distance—perhaps one-half mile—east of the freight track and purchased a bottle of whiskey. About 9 o'clock of the same evening Pasby was found dead under a freight car on the freight track some twenty rods south of the point where such track crosses said O street. This action was brought by Charles W. Spears, Pasby's administrator, against the Railroad Company for damages on the alleged grounds that Pasby's death was caused by the negligence of the Railroad Company. The Railroad Company had a verdict and judgment and the administrator prosecutes to this court a proceeding in error.

1. One of the errors assigned is that the verdict is contrary to the evidence. The theory of the administrator was and is that about 8 o'clock in the evening of said day Pasby was proceeding towards his home, walking west on the sidewalk on the north side of O street, when he was struck by a freight train backing south on the freight

50

track.  He imputes to the Railroad Company negligence. in the premises as follows:

(*a.*) That at the time Pasby was struck by the freight. car on the freight track there was a train of cars standing on the scale track, which train obstructed the light of the reflector and left the sidewalk where Pasby was in com-- plete darkness.  If the jury had made a special finding that the Railroad Company on the evening of October 10, 1890, at any time between the hours of 7 and 9 o'clock of said. evening had by a train of cars on the scale track shut off the light of the reflector from O street east of said scale track, it is very doubtful if the evidence in this record. would support such special finding, and as the finding of the jury is in effect that the Railroad Company did not ob- struct such light by a train on said scale track at said time we certainly cannot say that such finding is wrong under the evidence.  If it be conceded that there was some evi- dence which tended to show that the Railroad Company, on the date and between the hours aforesaid, by cars on the scale track shut off the light from the reflector which would otherwise have lighted O street east of the scale track, still there is no evidence in the record which shows or tends to- show that Pasby's death resulted from, or was contributed to by, such action of the Railroad Company in obstructing said light; and beyond all question we cannot say that the jury drew the wrong inference from the testimony be-- fore them on the subject.  Whether the Railroad Company shut off the light at the time and in the manner contended by the administrator was for the jury, and if the jury found that the light was not shut off as claimed by the ad- ministrator, we cannot say the finding was wrong.  If the jury was of opinion that the light was during a portion of the time specified shut off by the Railroad Company, then we cannot say that the jury was wrong in inferring or find-- ing that the shutting off of said light did not contribute. to the death of Pasby.

(b.) That the gongs at the intersection of said street and said railroad tracks were at the time of Pasby's death out of repair, and (c) that the watchman was not on duty at the time Pasby was killed. There is no evidence in the record that these gongs were out of repair, nor that the watchman was not on duty at the time Pasby was killed.

(d.) That the freight car under which Pasby was found dead was backed south on the freight track across O street without any warning being given by the watchman or signal by the gongs of its approach to the crossing, and without any lookout being on the car. No one testified on the trial of this case to having seen Pasby after he purchased the bottle of whiskey in the saloon until he was found dead under the car. In other words, there is no direct evidence whatever in the record that Pasby was walking or standing on the sidewalk on the north side of O street at the time he was struck by the car which killed him. Two witnesses testified that they were standing between the scale and the freight track on the north sidewalk on O street, or just off that walk, at the time the car, under which Pasby was found dead, was backed south across the north sidewalk of O street; that they had lanterns in their hands, and that they neither saw nor heard anything of Pasby or any other person on the freight track immediately east of them, or on the sidewalk which the tracks crossed; that the street, tracks and sidewalk in the vicinity of where they were standing were lighted up by the reflector referred to above, and by the lanterns carried by the witnesses; that there were two railroad employes standing on the south end of the car, under which Pasby was found dead, at the time it approached the north sidewalk of O street; that these employes had lanterns in their hands, and as the car approached the sidewalk crossing the men on top of the car saw the witnesses and spoke to them. The two men identified as standing on the south end of the car testified on the trial to being on the south end of the car at the time

it reached the north sidewalk on O street; that they had
lanterns in their hands; that they neither saw nor heard
Pasby nor any one else on the track or the north sidewalk
in the vicinity where it was approached by the car, except
the two witnesses, who were standing between the scale
and freight tracks. Another witness, who rode down on
the car, testified to substantially the same things as the
four witnesses last mentioned. The evidence also showed
that about the middle of O street a belt and hat, worn by
the deceased, and a part of a whiskey bottle, identified as
his, were found, and from the middle of the street down to
where the deceased was found dead were evidences of his
having been dragged by the car. One or two witnesses
testified that they thought they saw some marks on the
ground, or the planking covering the ground between the
middle of O street and the north sidewalk, which indi-
cated they had been made by dragging the deceased after
he was struck. . But there is in the record not a syllable of
direct evidence that the deceased was struck by the car
while on the sidewalk. Assuming, then, that at the time
this car, under which Pasby was found dead, approached
the north side of the north sidewalk on O street, that the
gongs were not rung and the watchman gave no signal, we
are asked to say that the foregoing evidence was such that
the jury was compelled to infer that the failure to ring the
gongs or the failure of the watchman to give the signal
contributed to the death of Pasby; and we are also asked
in this connection to say that the testimony of the five wit-
nesses mentioned above was either false, or that, if true,
the two who were on the look-out on the south end of
the car were guilty of negligence in not seeing Pasby as
he approached the freight track while he was walking on
the sidewalk. It may be that the jury, from the evidence
before it, would have been justified in inferring that Pasby
was struck by the car while walking on the sidewalk across
the freight track; that the failure of the flagman to see

him and notify him that a train was approaching was negligence; that the failure of the two men on the south end of the car to see him was the result of negligence. But this evidence and the legitimate inferences to be drawn therefrom were for the jury; and because the jury has drawn one inference rather than another from the evidence before them, we have not the right to substitute the inference we might draw from such evidence, had we been the triers, for the one made by the jury.

2. The first, second, third and fourth assignments of error in the petition in error relate to the giving of certain instructions by the trial court on its own motion. The alleged errors in giving these instructions are separately and specifically assigned in the petition in error; but in the motion for a new trial the assignment is that the court erred in giving all these instructions from the first to the seventh inclusive. As some of the instructions given were correct the assignment must be overruled. (*Omaha Street R. Co. v. Cameron*, 43 Neb., 297; *Omaha Fire Ins. Co. v. Dierks*, 43 Neb., 473.)

3. The fifth assignment of error is that the court erred in refusing to give instruction number one asked by the administrator. That instruction is as follows: "First— There is some evidence that Edward Pasby met his death while walking on the sidewalk, where he had a right to be, and if you find that to be true, that is sufficient for the plaintiff's case. Therefore it is necessary for the defendant to free it from liability to account for his being there, and if there is no proof of it, and it is all a matter of conjecture, it follows that the deceased is presumed to have placed himself where he was killed without any want of ordinary care, and the defendant is liable for his death." As already stated, there is no direct evidence in this record that Mr. Pasby met his death while walking on the sidewalk. This is one reason why the court did not err in refusing to give the instruction; but there is a more serious

objection to this instruction. By it the court was in effect requested to instruct the jury that the mere fact that Mr. Pasby was found dead under a car raised the presumption that he came to his death through the negligence of the Railroad Company. This is not the law. If the evidence had shown that Pasby was struck by the car of the Railroad Company while he was walking on the sidewalk on O street across its freight track, the law would not presume that the act of Pasby in walking across the track was negligence which caused or contributed to his death; nor would the law presume that the striking and killing of Pasby while walking on the sidewalk across the freight track was the result of the negligence of the Railroad Company. In other words, the law does not presume that either party was guilty of negligence. Negligence is a cause of action or defense and must be proved by the party alleging it. If there is any presumption of law in such matters it is that all parties act with ordinary care; and such presumption continues until overthrown by evidence. The court did not err in refusing to give the instruction.

4. The sixth assignment of error is that the court erred in refusing to give the following instruction: "Where a person is in the proper exercise of a right, and is injured by the action of another, the presumption arises that the party causing the injury was guilty of negligence." What has already been said disposes of this assignment.

5. The seventh, eighth, ninth, and tenth assignments relate to the refusal of the court to give certain other instructions requested by the administrator. The alleged errors are specifically assigned in the petition in error, but in the motion for a new trial the assignment is that the court erred in refusing to give the instructions from the third to the eighth, both inclusive. The court did not err in refusing to give the fourth instruction of those under consideration for the reason that by it the court was requested to tell the jury that if the employes of the Railroad Company omitted

to do certain specified things that such omission was negligence which rendered the company liable for the death of Pasby. Whether a certain act or omission is or is not competent evidence of negligence is for the court, but whether such evidence convicts a party of negligence is for the jury. (*Missouri P. R. Co. v. Baier*, 37 Neb., 235; *American Water-Works Co. v. Dougherty*, 37 Neb., 373; *Omaha Street R. Co. v. Craig*, 39 Neb., 601.) The trial court could say to the jury that a certain act or omission of the employes of the Railroad Company was evidence of negligence for their consideration, but it was for the jury to say from all the facts and circumstances in the case whether such act or omission rendered the Railroad Company guilty of negligence; and since the court did not err in refusing to give the fourth instruction, and the assignment is that he erred in not giving all of them, the assignment must be overruled. The judgment of the district court is

AFFIRMED.