VELMA FANDERS, APPELLEE, V. JAMES DAVISON, APPELLANT.

7 N. W. (2d) 652

FILED JANUARY 15, 1943. No. 31479.

Rinaker, Hevelone & McCown, for appellant.

Hubka & Hubka, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and YEAGER, JJ.

YEAGER, J.

This is an action for damages for personal injuries instituted by Velma Fanders, plaintiff and appellee, against James Davison, defendant and appellant. The case was tried to a jury. The jury returned a verdict in favor of plaintiff and judgment was entered on the verdict. Motion for new trial was duly filed and overruled by the court. From this judgment the defendant has appealed.

The appeal presents but one assignment of error. The appellant urges as his assignment of error that the court

erred in the giving of the following which appears as a part of instruction No. 3:

"You are further instructed that the defendant in his answer also alleges, in substance, that his automobile was being driven with due care; that he was suddenly confronted with an emergency and that he used all the skill at his command but was unable to avoid the accident.

"You are instructed that these latter allegations of said answer are affirmative in their nature and before defendant can avail himself thereof he must prove the same by a preponderance of the evidence.

"If you find that the defendant has proved either or both of his said affirmative defenses by a preponderance of the evidence, then your verdict will be in favor of the defendant."

The accident in question occurred on April 12, 1940, at about 4:30 o'clock p. m., at or near the intersection of highway No. 3 with another road a short distance north of the village of Harbine in Gage county, Nebraska. Highway No. 3 is an oil mat surfaced road, and extends in a northeasterly and southwesterly direction. The other road has a gravel surface and extends north and south.

The plaintiff drove her husband's automobile from a filling station, which station is on the north side of the highway, onto highway No. 3 a short distance west of the intersection of the two roads. The defendant coming from the southwest on highway No. 3 ran into the rear of the automobile operated by plaintiff. Plaintiff in her petition claimed that the defendant was guilty of negligence.

The defendant filed an answer and cross-petition. In his answer the defendant generally denied that he was guilty of negligence. Further, he made the following allegation which is paragraph 6 of the answer. "That while the plaintiff was driving her husband's said automobile diagonally across the traveled portion of said state highway No. 3 and while she and her husband's said automobile were still on the traveled surface of said highway she suddenly, and without warning, and recklessly and negligently reduced

the speed of said automobile which she was driving, and brought said automobile almost to a stop upon the traveled surface of said state highway No. 3 and immediately in front and in the path of the defendant and his said automobile; that thereupon the defendant, confronted with the imminent and immediate peril of a collision between his automobile and the automobile driven by the plaintiff, turned and swerved his said automobile to the left, or northerly direction, in an effort to avoid such collision, but was unable to prevent such collision."

It is the contention of appellant that on this allegation in the answer the court, by the instruction complained of, improperly placed the burden of proof of the emergency charged on the defendant.

From a full and fair examination of this portion of the answer, it is clear that the contention of the appellant is without merit. The inescapable purport of the language contained in the allegation is that by and through the negligence of the plaintiff, which was the proximate cause of the accident, the defendant was placed in a position wherein it was impossible for him to act so as to prevent the accident. In other words, it is an affirmative charge of negligence against the plaintiff.

The charged negligence against the plaintiff in this respect was a material issue tendered by the defendant and hence the burden was upon him to sustain the charge by a preponderance of the evidence. *Pierce v. Miller,* 107 Neb. 851, 187 N. W. 105; *Fenske v. Strait,* 121 Neb. 177, 236 N. W. 441; *Gutzmer v. Nelsen,* 121 Neb. 214, 236 N. W. 614; *Cohen v. Swanson Petroleum Co.,* 133 Neb. 581, 276 N. W. 190; *Hole v. Hamp,* 134 Neb. 259, 278 N. W. 480; *Fairchild v. Fairchild Clay Products Co.,* 141 Neb. 356, 3 N. W. (2d) 581.

The general rule is fully applicable in negligence cases. In *Knies v. Lang,* 116 Neb. 387, 217 N. W. 615, it was stated: "In this connection it is to be also remembered that in this jurisdiction, upon the issue of negligence, the burden of proof rests upon him who alleges it, and the burden

of proof does not shift during the trial." See, also, *Spears v. Chicago, B. & Q. R. Co.*, 43 Neb. 720, 62 N. W. 68; *Swift & Co. v. Haloubek*, 60 Neb. 784, 84 N. W. 249; *Riley v. Missouri P. R. Co.*, 69 Neb. 82, 95 N. W. 20; *Lincoln Traction Co. v. Shepherd*, 74 Neb. 369, 104 N. W. 882.

From an examination of the quoted portion of the instructions alone without reference to the allegation of the answer, it would appear that there is force in the contention that the trial court wrongly placed the burden of proof upon the defendant, since no mention is made therein of the allegation that the emergency complained of was alleged to have been created by the negligence of the plaintiff.

To have properly reflected the allegation of the answer and the theory on which the case was presented by the defendant, the last clause of the first quoted paragraph of the instruction should have been in substance the following: That he was suddenly confronted with an emergency *created by the negligence of the plaintiff* and that he used all the skill at his command but was unable to avoid the accident. The italicized words did not appear. This failure to fully reflect this issue tendered by the answer was not prejudicial to the defendant since it imposed no additional burden. The additional words would only have been explanatory of the burden imposed by the instruction.

Finding no error in the instruction complained of, the judgment of the district court is affirmed.

AFFIRMED.