EVELYN L. HACKBARTH, AS ADMINISTRATRIX OF THE ESTATE OF WALTER E. HACKBARTH, DECEASED, AND EVELYN L. HACKBARTH, APPELLEES, V. FRED W. HACKBARTH, APPELLANT.

22 N. W. 2d 184

FILED MARCH 15, 1946. No. 32042.

*Beeler, Crosby & Baskins,* for appellant.

*Beatty & Clarke* and *S. S. Diedrichs,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is a suit to enforce an oral contract to convey certain real and personal property. The trial court decreed specific performance as to the real property involved in the action. As to the personal property, the trial court held that an oral contract to convey had not been established, but that an oral agreement had been made in 1943 whereby plaintiff's decedent was to share in the crops and the increase of the livestock. The defendant appeals from that part of the decree awarding specific performance of the oral agreement to convey the real property. The plaintiff cross-appeals from that part of the decree finding that an

oral agreement to convey a one-half interest in all the personal property of the defendant was not established.

The evidence shows that the defendant, Fred W. Hackbarth, was, at all times mentioned herein, the owner of Section 11 and the West Half of Section 12, Township 13, Range 33, Lincoln County, Nebraska, consisting of 960 acres. In 1933, this land was being farmed by the defendant with the aid of his son, Walter E. Hackbarth, then 25 years of age. The petition alleges that in 1933, the son became dissatisfied and informed his father of an intention to leave. This resulted in the alleged oral agreement to the effect that if the son would continue to work on the farm, the father would, upon the payment of the indebtedness against his lands, then amounting to $12,500, convey the West Half of Section 11 and one-half of the livestock, machinery, and other personal property on the place to the son, Walter. The son remained on the place and continued with the farm work. No one disputes that Walter was a hard and faithful worker during all the time that he lived on the place.

On June 14, 1941, Walter E. Hackbarth married Evelyn L. Hackbarth, the plaintiff. No children were born to the marriage. On October 24, 1943, Walter E. Hackbarth died as a result of injuries sustained while operating a cornpicker in the course of his farm work. The suit is brought by plaintiff, personally and as administratrix of her husband's estate, to enforce the oral agreement alleged to have been made.

Plaintiff testifies that prior to her marriage to Walter, defendant asked her if they planned to live on Walter's place or to stay at his place which was on Section 12. Plaintiff testifies that defendant pointed out various items of property as belonging to Walter and mentioned that he and Walter had been working as partners. In January 1942, Walter was advised that he had been classified 1-A under the Selective Service Act, and decided to go into the army. Plaintiff says that the defendant came to her and asked her to persuade Walter to appeal from the local draft board's

classification so that he might continue the farm operations which the defendant was unable to handle. Plaintiff testifies that she told defendant there was nothing in it for Walter to stay so far as she could see. She says defendant told her that he had previously agreed with Walter that if he would stay and help pay off the indebtedness on the land he would put the West Half of Section 11 in Walter's name and they would also be partners in the livestock, machinery, and crops. She says the defendant said that if Walter volunteered for army service he would be walking out on his agreement and that all would be lost because he, the defendant, was not in physical condition to carry on by himself. There are statements of several disinterested witnesses who testify in substance that defendant had told them that he and Walter were working "50-50" and that when the mortgages were paid off, the West Half of Section 11 would be Walter's.

In securing the deferment of Walter in order that he might continue to manage and operate the farm, the defendant signed an affidavit that " * * * years ago when said management was undertaken by said registrant affiant and said registrant had an understanding whereby registrant was to acquire at least three hundred twenty acres of said farm if he would remain and operate the same and assist in reducing and paying off the indebtedness existing from the purchase price * * * ."

On the same occasion and in the presence of the defendant, Walter signed an affidavit in support of his application for deferment in which it was stated in part: "That said place has been successfully operated in that the Federal loan carried thereon has been substantially reduced during the past few years and strict attention is required to realize a sufficient profit and to continue to pay off a loan of $12,500 which now stands against the place, and affiant was heretofore offered and assured an interest in said place to the extent of three hundred twenty acres thereof if he would remain at home and operate the place and assist in paying off the indebtedness and which he has been engaged in doing for eleven years."

The defendant denies that he ever agreed to convey the West Half of Section 11 to Walter under any condition. He states that he intended to provide for Walter by his will to a greater degree than to his other heirs. His will, executed in June 1943, is in evidence and by it the defendant provides. that the West Half of Section 12 shall be devised to Walter. Because of its ambulatory character the will cannot, in any sense of the word, be a compliance, substantial or otherwise, with the alleged oral agreement. The defendant states that he never had any difficulty with Walter at any time and infers that the present litigation grew out of the efforts of the plaintiff to acquire a part of his property. In this respect it is noteworthy that defendant admits he discussed the matter before he had met the plaintiff. This is demonstrated by the following question and answer appearing in the record: "Q. You and he never at any time had any conversation, that if he would stay there until the debt was paid off, you would give him 320 acres of land, is that correct? A. No, I haven't; but I made him a proposition that I would compensate him for his part when I got through with it." There are other statements in the record indicating that Walter's status had been a subject of consideration before the plaintiff attained an interest by marrying Walter. We think this dissipates any inference that the claim is a pure fabrication on the part of plaintiff.

The evidence is clear that Walter E. Hackbarth worked on the farm and complied in all respects with the terms of the oral agreement until the indebtedness was paid off in 1943. We think that the oral agreement was established by clear, satisfactory, and convincing evidence. We think also that there was a full compliance with the agreement on the part of Walter prior to his death and that equity requires that the defendant comply therewith by conveying the West Half of Section 11 to the heirs of Walter E. Hackbarth, or, in the alternative, that the trial court quiet the title to such land in the heirs of the said Walter E. Hackbarth.

It is the general rule that an oral agreement for the transfer of title to real estate is voidable under the statute of

frauds. Sec. 36-103, R. S. 1943. A well-known exception to that rule is that specific performance of an oral agreement to convey real estate will be enforced by a court of equity when one party has wholly performed his part thereof and the other party has not performed his part, and its nonperformance on the one hand would amount to a fraud on the party who has fully performed it. Harrison v. Harrison, 80 Neb. 103, 113 N. W. 1042; Damkroeger v. James, 95 Neb. 784, 146 N. W. 936; Craig v. Seebecker, 135 Neb. 221, 280 N. W. 913. The evidence necessary to establish an oral agreement which falls within the statute of frauds must be clear, satisfactory, and unequivocal. Crnkovich v. Crnkovich, 144 Neb. 904, 15 N. W. 2d 66. An action in equity to enforce an oral agreement thus established by proof is protected by statute. Sec. 36-106, R. S. 1943. Before specific performance of an oral agreement to convey real estate will be decreed, the acts claimed to be in part performance must unequivocally indicate the existence of the contract alleged and cannot be accounted for on any other reasonable hypothesis. Taylor v. Clark, 143 Neb. 563, 13 N. W. 2d 621; Crnkovich v. Crnkovich, *supra*. We think the evidence bearing upon the oral agreement to convey the West Half of Section 11 to Walter E. Hackbarth is clearly within the foregoing rules and is such as not to be barred by the statute of frauds.

The plaintiff cross-appeals from the finding of the trial court that an oral agreement to convey a one-half interest in the personal property of the defendant when the indebtedness against the land was paid off was not established. The general rule is that courts of equity may grant specific performance of an oral agreement to convey personal property as well as real estate. Cox v. Johnston, 139 Neb. 223, 296 N. W. 883. The applicable rules require the same character of evidence to prove oral agreements for the transfer of personal property by specific performance as they do for such a transfer of the title to real estate. Teske v. Dittberner, 70 Neb. 544, 98 N. W. 57; Hespin v. Wendeln, 85 Neb. 172, 122 N. W. 852.

The evidence of an oral agreement to convey a one-half interest in the personal property of the defendant to Walter, upon the payment of the mortgage debts against the land, consists solely of the testimony of the plaintiff. The defendant denies that any such agreement was made prior to 1942. There is evidence in the record that defendant and his son Walter were operating the 960 acres on a "50-50" basis in 1942 and 1943. Defendant contends that Walter was to receive one-half of the crops and one-half of the calves raised after the payment of all costs connected with the operation of the farm. There is in evidence copies of the income-tax returns filed by the defendant with the Department of Internal Revenue for the years 1942 and 1943, together with the work sheets from which the computations were made. These clearly indicate that defendant and his son were engaged in a joint enterprise wherein each was to receive one-half of the profits after the payment of all taxes, labor, and other expenses in connection with the ownership and management of the 960 acres. All of the evidence in the record, other than the evidence of the plaintiff, is as consistent with the theory of the defendant with reference to the personal property as with that of the plaintiff. The affidavits filed with the draft board, hereinbefore alluded to, contain nothing which supports the plaintiff's position. Applying the rules previously announced in this opinion, we conclude that the evidence is not clear, satisfactory, and unequivocal in establishing an oral contract to convey one-half of the personal property as alleged in the petition.

We do conclude, however, that defendant and Walter were operating the 960 acres on a "50-50" basis and that each was entitled to one-half of the net profits during 1943. Whatever the exact language of the parol agreement was, under which they were operating the farm, the income-tax returns show definitely an intent to create a joint enterprise by which each was to receive one-half of the net profits.

While this later agreement was not made an issue by the pleadings, evidence was produced by the parties with reference thereto. No objection appears to have been made and

no error assigned in this court because thereof. The case is similar in principle to Johnson v. Weskamp, 122 Neb. 381, 240 N. W. 514, wherein we said that the rule requiring agreement between pleadings and proof is inapplicable where the issue was tried without objection by either party. The court having obtained jurisdiction of the cause, it will retain it for all purposes and render such a decree as will protect the rights of the parties. We are of the opinion, therefore, that the order of the trial court ordering an accounting of the amounts due the estate of Walter E. Hackbarth under the 1943 agreement should not be disturbed.

The judgment of the district court is affirmed.

AFFIRMED.