C. Hubert Riley, appellant and cross-appellee, v.
Wilberforce W. Riley et al., appellees and
cross-appellants.
33 N. W. 2d 525

Filed August 10, 1948.   No. 32317.

*Fred H. Free, Moyer & Moyer,* and *Jane E. Moyer,* for appellant and cross-appellee.

*R. J. Shurtleff, E. D. Beech, Leonard A. Flansburg,* and *Charles H. Flansburg,* for appellees and cross-appellants.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action by petition of C. Hubert Riley, plaintiff and appellant, to vacate and set aside a deed whereby the defendant, Wilberforce W. Riley, purported to convey to Margaret Riley Bowen 160 acres of land in Pierce County, Nebraska, and other lands in fraud of plaintiff; to quiet the title to the land in Wilberforce W. Riley subject and subservient to rights of the plaintiff under an oral partnership contract made and entered into between plaintiff and Wilberforce W. Riley in the spring of 1936 which contract had been performed by plaintiff, whereby plaintiff was to receive title to the 160 acres of land in question on the death of Wilberforce W. Riley; and to enjoin and restrain Wilberforce W. Riley and Margaret Riley Bowen from interfering with performance of the partnership by plaintiff or, during the pendency of the action, from alienating, conveying, mortgaging, or otherwise attempting to transfer or convey any right, title, or interest in the lands. Elvon

Bowen was made a party defendant as husband of Margaret Riley Bowen. Wilberforce W. Riley, Margaret Riley Bowen, and Elvon Bowen are defendants and appellees. The action was tried on the theory that plaintiff was entitled to have title quieted in Wilberforce W. Riley to the 160 acres and not the other lands but that he was entitled to have the other land for use in the partnership business during the life of Wilberforce W. Riley.

In the action the defendant Wilberforce W. Riley by cross-petition separately filed a cross-action and the defendants Margaret Riley Bowen and Elvon Bowen joined in an answer denying the claims of plaintiff. In the answer they claimed the right to have title to the lands quieted in Margaret Riley Bowen and for legal process to place her in possession.

The cross-action of Wilberforce W. Riley was for dissolution of the partnership, the appointment of a receiver to liquidate the partnership, an accounting, and injunction against disposition of partnership assets by plaintiff.

There was a joinder on the issues presented by the petition, cross-petition, and answers and thereafter trial was had to the court.

The relief prayed for by plaintiff in his petition was denied by the decree of the district court.

The relief prayed by defendants was in part granted and in part denied. Specifically title was quieted and confirmed in Margaret Riley Bowen subject to the right of plaintiff to continue in possession for the purpose of performing under the partnership agreement during the life of Wilberforce W. Riley. The defendants were enjoined from disturbing plaintiff in his use and occupancy or in his performance under the partnership agreement during the life of Wilberforce W. Riley. Dissolution of the partnership was denied. An accounting of one-half of partnership funds used in purchasing 61 steers and an accounting on a like basis was ordered

for all partnership transactions after July 1, 1946. Also not in conformity with the demand of any party the court by its decree restricted the rights of Wilberforce W. Riley within limits not contemplated by the partnership agreement and expanded. or enlarged those of plaintiff.

From the part or parts of the decree adverse to his contentions plaintiff has appealed. The defendants have appealed from the part or parts which are adverse to their contentions.

Wilberforce W. Riley is the father of plaintiff and Margaret Riley Bowen is the sister of plaintiff and the daughter of Wilberforce W. Riley.

The plaintiff bases his claim for the relief prayed on an oral contract entered into by and between himself and his father during February 1936.

Plaintiff says that a contract was entered into at that time whereby the parties agreed to engage as partners in farming and raising, feeding, and marketing livestock on about 320 acres of land belonging to the father; that it was agreed the father should furnish the land and that there should be used all farm machinery and tools then on the land; that the livestock on the land at the time of making the contract should belong to the father but that the increase thereof should be divided equally; that each party should stand one-half of the expense of the business except necessary labor; that plaintiff should furnish all necessary labor and devote his time to the business; that the two should have an equal voice in the management of the business; and that there should be an equal division of the net profits of operations.

The parties agree that there was an agreement and that the foregoing recitals are reflected in the contract. The father contends that the foregoing reflects the full content of the contract. He insists that there was no time or incident named as a basis for termination of the contract and that no other subject matter was involved.

The son on the other hand urges, and this forms the

basis for his action, that in addition to the foregoing and as a part of the contract it was agreed for valuable considerations that the term of the contract was the life of the father. At his death it was agreed that the son should receive title to 160 acres of the land which was referred to as the home place and which was at the time of the entry into the contract the homestead of the father and his wife. His wife is now deceased.

Plaintiff says that continuously from the date of the contract he has fully performed every obligation of the contract but that the father in violation of the obligation of the agreement to plaintiff executed and delivered to Margaret Riley Bowen a warranty deed conveying title to the 160 acres of land to her the effect of which would be, if the deed of conveyance is allowed to stand, to deprive plaintiff from obtaining title thereto pursuant to the agreement at the death of his father. Accordingly plaintiff seeks to have this deed vacated and set aside and to have title to the land quieted and confirmed again in the father, and in substance that the father be decreed to have a life estate in the land and that title shall pass to plaintiff on the death of the father.

A denial of these additional unadmitted contentions of plaintiff by the defendants presents the questions to be determined as to plaintiff's cause of action. The decision thereon by the district court, as has been pointed out, was unfavorable to plaintiff. He seeks reversal of the decree in this respect in this court.

The claimed contract being in parol and the right of action, if one exists, being controlled by the principles involved in actions for specific performance of contracts for conveyance of real estate certain evidentiary burdens devolve upon the plaintiff.

A burden was on him to prove an oral contract the terms of which were clear, satisfactory, and unequivocal.

A further burden was on him to show that he had performed the burdens imposed on him by the contract and that the acts constituting performance were such as

were referable solely to the contract sought to be enforced, and not such as might be referable to some other or different contract. Taylor v. Clark, 143 Neb. 563, 13 N. W. 2d 621; Crnkovich v. Crnkovich, 144 Neb. 904, 15 N. W. 2d 66; Diez v. Rosicky, 145 Neb. 242, 16 N. W. 2d 155; Lintz v. Apking, 145 Neb. 714, 18 N. W. 2d 55; Caspers v. Frerichs, 146 Neb. 740, 21 N. W. 2d 513; Hackbarth v. Hackbarth, 146 Neb. 919, 22 N. W. 2d 184; Herbstreith v. Walls, 147 Neb. 805, 25 N. W. 2d 409; Baker v. Heavrin, 148 Neb. 766, 29 N. W. 2d 375; Smith v. Kinsey, 148 Neb. 786, 28 N. W. 2d 588.

Has plaintiff sustained the burden of proving an oral contract the terms of which are clear, satisfactory, and unequivocal; that is, does the evidence of plaintiff with clarity, satisfactorily, and unequivocally, or as unequivocally is defined, not doubtfully and not ambiguously but clearly, when all of its parts and the elements of a contract are taken into consideration, indicate the existence of a contract? If it does then the requirements of the rule in this respect have been satisfied.

The rule is not one of weight but of quality and substance of evidence. It means that when he has done this, in the absence of anything to the contrary, his burden in this respect has been sustained.

If however its weight is brought into question then before he shall be entitled to have his position sustained he, having the affirmative, must sustain it by a preponderance of the evidence.

The rule is that a party who affirmatively pleads the existence of a fact material to an issue assumes the burden of proving such fact by a preponderance of the evidence. Cohen v. Swanson Petroleum Co., 133 Neb. 581, 276 N. W. 190; Pierce v. Miller, 107 Neb. 851, 187 N. W. 105; Fairchild v. Fairchild Clay Products Co., 141 Neb. 356, 3 N. W. 2d 581; Fanders v. Davison, 142 Neb. 745, 7 N. W. 2d 652.

The oral contract claimed to the extent of the organization and method of functioning of the partnership

is admitted so that the only burden devolving on the plaintiff was to adduce proof in satisfaction of the rule that it was also agreed that at the death of the father the title to the land in question should pass to him, and of course the consideration therefor.

As to the consideration he proved that he gave up a going business in Seward, Nebraska, which at the time was his only source of income. His evidence of performance under the terms and requirements of the partnership agreement is amply sufficient. His testimony with regard to the agreement that he should receive title on the death of the father was clear, explicit, and unambiguous. The only thing lacking in certainty in this respect was the method whereby he was to receive title. His testimony in this respect was corroborated by direct evidence and circumstantial evidence.

This evidence was clearly sufficient as clear, satisfactory, and unequivocal proof of the terms of an oral contract for the conveyance of real estate. The question of whether or not plaintiff's evidence satisfied the rule with reference to preponderance will be considered later herein.

The other rule imposing a further burden on one seeking specific performance of a contract for the conveyance of real estate is in fact two rules. The first is that one claiming the existence of an oral contract must show that he has performed the burdens imposed by the contract. On the basis of what has been said we conclude that the plaintiff has sustained this burden, that is, his evidence is sufficient, taken alone, as proof in this respect. The final determination does not depend alone upon this prima facie showing but on whether or not on the basis of all evidence on this subject he has proved his contention in this respect by a preponderance of the evidence.

The other rule is that he has the burden of showing that the acts proved constituting performance were such as were referable solely to the contract sought to be

enforced and not such as might be referable to some other or different contract.

Properly interpreted and applied this rule means that if the evidence as a whole of a party seeking specific performance of an oral contract to convey real estate indicates that it is referable solely to the contract sought to be enforced and not to some other or different contract then the burden of the rule has been satisfied. The fact that there may be adversary evidence indicating that the acts refer to some other contract or situation will not defeat this satisfaction of the rule. Where one seeking specific performance of an oral contract to convey real estate has satisfied by evidence the requirements of this rule and there is evidence of an adversary in conflict therewith the decision on this question becomes one of preponderance with the preponderant burden on the one seeking performance.

It appears proper to say that in determining whether or not the acts of plaintiff were referable solely to the contract alleged his acts of performance must be considered as a whole in their own light and in the light of all other material and relevant facts and circumstances, present, antecedent, and subsequent as shown by his evidence with no part excluded.

The evidence of plaintiff considered in this light leads to the conclusion that his acts of performance were referable to the contract he seeks to have specifically performed and no other.

In the three respects mentioned the action is adversary and as to each of them there is a conflict of evidence. It therefore becomes necessary to determine as to each of them whether or not plaintiff has sustained his position by a preponderance of the evidence, that is, has he proved the contract by a preponderance of the evidence? Has he shown by a preponderance of the evidence that he has performed the burdens imposed on him by the contract? Has he proved by a preponderance of the evidence that his acts constituting perform-

ance were such as were referable solely to the contract and not such as might be referable to some other or different contract? These three subjects will be treated together since the evidence upon them is not capable of separation or segregation.

On the side of the plaintiff is his own evidence which on its face was sufficient, as has been pointed out, to meet the prima facie requirements of the rules set forth. The testimony of the plaintiff in this connection embraced the approximate date of entry into the agreement and its sufficiently complete details and also conversations leading up to the agreement and subsequent thereto explanatory and confirmatory of the agreement as it is claimed to be by the plaintiff. Also there is testimony of other witnesses some of whom claim to have heard and some of whom claim to have participated in conversations relating to the prospective arrangement between these two and relating to the purposes of the completed agreement after it had been entered into, which conversations as related are corroborative of the contentions of the plaintiff. In evidence is a letter of the mother of plaintiff, since deceased, dated February 5, 1936, which tends to corroborate the claim that the arrangement was to be a permanent one. In the letter appears the following: "Yes - it is to be a permanent thing - * * *." Also in the letter appears the following: "As I re-read your letter you want to know what we would offer - it would be a percentage basis but we can't figure what percentage till we talk with you." Plaintiff, as pointed out, gave up his existing means of livelihood and entered upon and invested of his funds in this enterprise with his father. The father in 1936 was about 70 years of age and largely incapacitated to perform the duties incident to the operations being carried on on the farm. In 1944 when he was confronted with the necessity for an operation the father executed a deed in which the plaintiff was named as grantee of the lands in question and gave instructions

that it should be held but that in case of his death it should be delivered to plaintiff, an act corroborative of the contention of plaintiff that he was to receive title to the land on the death of the father. This deed was not destroyed until later when difficulties arose between plaintiff and his father. The plaintiff performed consistently with the right to which he lays claim. ·

As against this there is but the substantial contention of the father that there was no agreement that plaintiff should ever receive title to any real estate and no agreement of permanency or as to duration of the partnership arrangement.

The evidence of the parties thus referred to would, uninfluenced by other pertinent considerations disclosed by the evidence, appear to preponderate in the particulars pointed out in favor of the plaintiff. These other considerations we think give added force to this conclusion.

About nine years before this arrangement was entered into plaintiff and his father, after some period of operation of the farm together, became estranged and the son remained away without any contact whatever with his father for about seven years. After that the wife of the one and mother of the other apparently recognizing the need by the father of the services of the son sought to get rid of the estrangement and to bring them together to their mutual benefit and advantage. Her purpose was accomplished in 1936 and it prevailed until 1945 which was after her death.

It is of course possible but highly improbable that in the light of his past difficulties with his father with the attendant long estrangement that he would have given up that which he gave up, though it may have been small, the income meagre, and the prospects none too promising, to return again to farming and livestock production without a rather definite plan for current income and future security.

We think that in the respects mentioned the evidence

preponderates in favor of the plaintiff and against the father. Accordingly it is our conclusion that the plaintiff has established the present right to have the deed to Margaret Riley Bowen vacated and set aside and the title to the 160 acres of land in question here quieted in Wilberforce W. Riley, and also at the appropriate time, which will be the death of Wilberforce W. Riley, to have the title thereto conveyed to or confirmed in the said plaintiff, however, subject to a finding on the question of whether or not an action for specific performance of an oral contract for the conveyance of a homestead may be sustained and the question of whether or not plaintiff has been guilty of a breach which would prevent a decree of specific enforcement in his favor.

The question of whether or not there has been a breach by the plaintiff will be considered later in connection with the matters raised by the father's cross-petition.

The question of whether or not an oral contract for the conveyance of a homestead is enforceable appears to be settled for the purposes of this case by the opinion in Denesia v. Denesia, 116 Neb. 789, 219 N. W. 142, unless we are disposed to depart from the conclusions therein set forth. In that opinion previous opinions which were in conflict were reviewed and a fixed conclusion arrived at that such contracts were enforceable. The opinion contains the latest direct expression of this court on the question. In the opinion it was said: "If such oral agreements are to be recognized at all, it must follow that they must also be enforced as against the homestead; therefore, we should follow the *Moline* case and expressly overrule the adverse holding in the *Teske* case. The statute of frauds, the statute on wills, and the homestead statute all require contracts affecting the respective subjects to be in writing. But this jurisdiction, and most others, hold, under similar statutes, oral agreements to devise real estate are not void because of such statutes. If good as against any one of

the above statutes, they certainly ought to be binding as against the others. There is no reason why they should not be."

The defendants contend that the authority of this opinion does not extend to a situation such as is presented in the instant case. They say substantially that the following from the opinion is a limitation upon the rule which removes this case under the facts from its application: "And there is this added reason why the homestead character of the premises should not exempt that particular class of cases. A very large proportion, if not a majority, of such agreements are in cases where the promisors are the father and mother of the promisee. They are usually old folks first beginning to fear the coming years of loneliness and old age, and assure one of the children that, in consideration of his or her staying on the home place with them, and looking after them while they recede down hill, * * * The arrangements being complete, the one stays on watching, the brothers and sisters pack up and leave, while John takes the milk bucket and goes out to the cow shed."

This may not be regarded as a limitation of the rule laid down but only as an observation, sentimental in quality, drawn from the opinions in cases of like character from the various jurisdictions. Even if it might be considered a limitation to be applied in a proper case still it seems that it would exclude no right of this plaintiff. From the status of the plaintiff a paraphrase could be formulated close to the observations there. The only significant difference would be that the plaintiff as promisee had the wisdom to see to it that his and his family's welfare should be safeguarded in the interim before the death of the parent.

We conclude therefore that an oral agreement for the conveyance of title to a homestead at the death of the promisor is capable of specific performance.

We turn now to the cross-petition of the father. He

seeks by it a dissolution of what he insists was solely and alone a partnership agreement and an accounting on the substantial ground that legally he cannot be prevented from withdrawing and thus causing the relationship to come to an end and on the ground of breach by plaintiff.

The important substantial breach claimed is that plaintiff violated the provision of the agreement requiring him to devote all of his time to the business of the partnership.

The parties are in accord on the proposition that the agreement did so provide. Likewise the parties agree that on a considerable number of occasions the plaintiff left the farm for short periods of time to buy cattle on order for other people and to make delivery of such cattle, an enterprise not connected with the partnership business. The father wanted and took no part in this enterprise. The record fails to disclose with any degree of certainty that any of the required duties or obligations reposing in him because of the partnership arrangement were neglected or not performed, nor is it shown sufficiently that the father was called upon to perform duties other and different than those contemplated by the agreement. There is evidence that he performed duties on occasions when plaintiff was away in quantity in excess of what were performed by him when plaintiff was not away. We do not find that there has been a breach by plaintiff.

By section 67-332, R. S. 1943, as amended by section 67-332, R. S. Supp., 1947, a partnership may be dissolved by a decree of court on application of a partner for the following reasons among others not pertinent here:

When a partner has been guilty of such conduct as tends to affect prejudicially the carrying on of the business.

When a partner wilfully or persistently commits a breach of the partnership agreement, or otherwise so

conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with him.

When other circumstances render a dissolution equitable.

At any time if the partnership was a partnership at will when the interest was assigned or when the charging order was issued.

It is under the terms of this section that a decree of dissolution is sought by the father. He does not contend either by pleadings or proof that the partnership has been dissolved by act or acts of a party or of the parties by breach or otherwise thus entitling him to a decree declaring that a dissolution has been effected and that he is entitled to an accounting.

In order, therefore, that he shall be entitled to the decree of dissolution he seeks he must bring himself by proof within the stated provisions of the statute.

The evidence does not sufficiently show that plaintiff has been guilty of such conduct as would tend to affect prejudicially the carrying on of the business. To the contrary it shows that the business has at all times been well and profitably conducted in the interest of both parties and the reasonable inferences to be drawn from the evidence is that it will so continue and that plaintiff desires that it shall so continue.

We have already addressed ourselves to the question of breach by the plaintiff. What was said will not be repeated. In addition however it may well be said that no conduct of plaintiff has been made apparent which renders the carrying on of the business of the partnership reasonably impracticable.

No circumstances have been made to appear which would render a dissolution of the partnership equitable. On the other hand it is reasonably apparent that a dissolution would inequitably and adversely affect the plaintiff and that a continuance of it in operation as it

has operated in the past would not inequitably nor adversely affect the father.

By a preponderance of the evidence it has been shown that this was not a partnership at will but one whose term was the life of the father.

The right of the father, if it exists, to withdraw from the partnership and thus compel a dissolution and an accounting of the assets and of the profits under such circumstances and the liabilities attendant thereupon have not and will not be considered herein, although touched upon in the briefs, since as we interpret the issues and proofs that question has not been presented. As we view the pleadings and proof the only question in this regard is that of whether or not the father is entitled to a decree of court dissolving a subsisting and active partnership contract.

We hold that the father has failed to establish the right to a decree dissolving the partnership contract.

One question remains and that is the matter of the accounting. The parties agree that there has been a full and complete accounting of the partnership business to July 1, 1946, except as to 61 head of cattle purchased by plaintiff by the use of partnership assets. We therefore are not required to consider anything occurring previous to that date except this item. An unwillingness has not been made to appear on the part of the plaintiff to properly account for the business of the partnership generally after that date and for 61 head of cattle as a part of the business of the partnership. It is his duty to account for both.

In Bode v. Prettyman, 149 Neb. 179, 30 N. W. 2d 627, it was said: "Every partner must account to the partnership for any benefit, and hold as trustee for it, any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property."

Therefore if the plaintiff shall fail to account the

father shall be entitled to a proper accounting thereon and to judgment against plaintiff in any amount or amounts found to be due.

The parties raise no question as to the form or type of relief that plaintiff is entitled to if his proof sustains his right to prevail on his pleaded cause of action.

In accordance with the various conclusions arrived at herein the decree with regard to the petition of plaintiff is reversed with directions to the district court to enter decree vacating and setting aside the deed to the 160 acres of land in question from Wilberforce W. Riley to Margaret Riley Bowen and to quiet title thereto in Wilberforce W. Riley and also to decree a right in C. Hubert Riley to receive title thereto on the death of Wilberforce W. Riley, subject however to performance or willingness of C. Hubert Riley to perform without breach his obligations under the parol contract for conveyance during the lifetime of Wilberforce W. Riley.

The decree as to the cross-petition of Wilberforce W. Riley to the extent that it denies a dissolution is affirmed, however, those portions which direct future control of the partnership business and future participation in its management are reversed since such matters were not in issue under the pleadings and were not litigated on any theory not incorporated in the pleadings. To the extent that it decrees an accounting in favor of Wilberforce W. Riley of only one-half of the investment in the 61 head of cattle it is reversed with directions to decree a right to an accounting with respect to the cattle as a partnership transaction and an accounting of all partnership transactions taking place after July 1, 1946.

The entire cause is remanded with directions to enter decree as indicated.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS.

MESSMORE, J., participating on briefs.