GEORGE CRNKOVICH ET AL., APPELLANTS, V. MARY CRNKOVICH ET AL., APPELLEES.

15 N. W. 2d 66

FILED JUNE 30, 1944. No. 31745.

*Henry R. Meissner* and *Guy E. Tate,* for appellants.

*Thomas J. Sheehan, Jr., contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action in equity by George Crnkovich and Mary Crnkovich, his wife, plaintiffs and appellants, against

Mary Crnkovich, widow of Michael Crnkovich, deceased, and guardian of Michael Crnkovich, Jr., Michael Crnkovich, Jr., son of Michael Crnkovich, deceased, and Thomas J. Sheehan, Jr., executor of the estate of the said Michael Crnkovich, deceased, defendants, to enforce specific performance of an alleged oral contract between George Crnkovich and Michael Crnkovich, deceased, alleged to have been entered into in the lifetime of said Michael Crnkovich, whereby the said Michael Crnkovich agreed to convey to the said George Crnkovich Lots 28 and 32, Hillcrest Addition, in Sarpy county, Nebraska. No appeal was taken as to the defendant Sheehan, hence the remaining defendants are appellees here.

The case was tried to the court, at the conclusion of which trial a finding on the issues was made in favor of defendants and judgment was entered dismissing the petition of plaintiffs. From this judgment plaintiffs have appealed.

As grounds for reversal of the judgment plaintiffs by assignments of error assert (1) that the court erred in dismissing the action and (2) that the court erred in not finding that plaintiff had established an oral contract.

The particular contract which plaintiffs claim was entered into and which they seek to have specifically enforced, as disclosed by the petition and evidence, is the following: In April, 1939, Michael Crnkovich, then being the owner of the real estate hereinbefore described, orally agreed, on the payment of the value thereof which they say was $3,500, to convey to George Crnkovich the said real estate.

They say in their petition in substance that in performance of the contract George Crnkovich endorsed to Michael Crnkovich a check for $617.21; that he paid $20 a month for 3 years under the terms of the contract or a total in this manner of $720; that he put into improvements which were erected on the real estate and which contributed to its value a kitchen sink and used and new lumber; that he paid out for excavating, landscaping and cultivating, approximately $225; that the labor in this connection was furnished by George Crnkovich; and that in addition thereto he further

improved the real estate by way of graveling a private road, erecting a cow shed, installing partitions in a chicken house, setting posts and erecting gates, of the total value and cost of $272.

The total amount of the credit to which plaintiffs claim that George Crnkovich is entitled is not declared in the petition.

The prayer is substantially for specific performance of the contract subject to a vendor's lien in favor of defendants for the unpaid balance under the oral contract.

For answer, to the extent necessary to outline it here, the defendants first deny the existence of the alleged oral contract, and second, they allege that the oral contract, if there was such a contract, is void and unenforceable for the reason that it is in violation of the statute of frauds of the state of Nebraska.

The plaintiffs contend that they have proved the oral contract alleged and that there was part performance thereof within the meaning of the statute of frauds and therefore they are entitled to have specific performance.

The provisions of the statute which require consideration in a determination of the questions presented are sections 36-103, 36-105 and 36-106, Comp. St. 1929, as follows:

Section 36-103: "No estate or interest in land, other than leases for a term of one year from the making thereof, nor any trust or power over or concerning lands, or in any manner relating, thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by operation of law, or by deed of conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same."

Section 36-105. "Every contract for the leasing for a longer period than one year from the making thereof, or for the sale of any lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made."

Section 36-106. "Nothing in this chapter contained shall

be construed to abridge the powers of the court of equity to .compel the specific performance of agreements in cases of part performance."

It is well settled by the decisions of this court that before specific performance of an oral contract to convey real estate will be decreed the acts claimed to be in part performance themselves must unequivocally indicate the existence of the contract alleged and cannot be accounted for on any other reasonable hypothesis, also the evidence of the contract must be clear, satisfactory and unequivocal.

In *Taylor v. Clark*, 143 Neb. 563, 13 N. W. 2d 621, it was said:

"The defendants contend on the other hand that this cannot be considered as part performance within the meaning of the statute for several reasons. The first ground of their .contention in this respect is that specific performance of an oral contract to convey real estate may not be decreed on the basis of part performance unless the acts of part performance by the promisee, in relation to the subject-matter, in and of themselves unequivocally indicate the existence of the contract alleged and cannot be accounted for on any other reasonable hypothesis, and that the alleged acts of performance in this case do not fulfill this essential requirement.

"The rule contended for in this respect by defendants without doubt obtains in this jurisdiction as well as other jurisdictions and it finds substantial support in what are generally considered authoritative texts."

Also in *Taylor v. Clark, supra,* is found the following which is quoted with approval from *Overlander v. Ware,* 102 Neb. 216, 166 N. W. 611: "In considering cases of this character, where one is claiming the estate of a person deceased under an alleged oral contract, the evidence of such contract and the terms of it must be clear, satisfactory, and unequivocal. Such contracts are on their face void as within the statute of frauds, because not in writing, and, even though proved by clear and satisfactory evidence, they are not enforceable unless there has been such performance as

the law requires. The thing done, constituting performance, must be such as is referable solely to the contract sought to be enforced, and not such as might be referable to some other and different contract—something that the claimant would not have done unless on account of the agreement and with the direct view to its performance—so that nonperformance by the other party would amount to a fraud upon him."

The evidence is wholly insufficient to sustain the burden devolving on plaintiff within the meaning of this rule or, perhaps more accurately stated, these two related rules.

A summary of the evidence which plaintiffs, in effect, contend unequivocally indicates the existence of the contract alleged and excludes every other reasonable hypothesis is the following: First on behalf of plaintiffs; Michael Crnkovich was the owner of the real estate in question. He purchased it for $750. George Crnkovich was without a home. It was agreed that on the real estate a house and other improvements should be constructed. George used certain new and old lumber in the construction of the improvements, the value of which was fixed by one witness at from $100 to $200. George expended in addition for improvements approximately $225. Work was done on the premises by George and his family, the value of which has not been fixed. The taxes were paid by Michael. The insurance was carried in the name of Michael and the premiums thereon paid by him. A check payable to George for $617.21, endorsed by him and by Michael and thereafter cashed, was admitted in evidence but without any competent evidence that the money went to Michael. One witness testified to the following: Q. 1059: "You don't know how much the house did cost, do you? A. Well, the way they said, it cost them $3,500.00." Q. 1060: "Who said that? A. Mike said to dad: 'This house cost us $3,500.00.' " Answer to Q. 1107: "My uncle Mike tell my dad, after the completion of the house. He said, 'You pay me $20.00 a month. This place and garden is yours and when I get my share paid out we will turn over the papers.' " On behalf

of defendants the evidence shows that the land and improvements, instead of costing $3,500, as a witness for plaintiffs stated that Michael said it cost, actually represented an outlay of cash in the amount of at least $5,469.61 as disclosed by cancelled checks appearing in the record. During his lifetime and up to the time of his death Michael had the property listed for sale. At one time Michael appears to have asked George to vacate the premises. George paid $20 a month for about three years. He was delinquent in his payments before the death of Michael. While Michael was on his deathbed George made a partial payment on delinquencies and significantly in this connection the record is devoid of evidence that he suggested the giving of a deed or some other evidence of the agreement alleged in the petition herein. When after the death of Michael the representatives of the deceased demanded payment of delinquent rent George declined to make payment but said he would move out in the fall, said nothing about the alleged agreement, and later made a payment and accepted a receipt therefor as rent. No claim was made by George to any representative of the deceased, heir, devisee or legatee that he had an oral contract for the conveyance of the real estate in question until the petition herein was filed.

It cannot reasonably be said that the evidence of part performance unequivocally indicates the existence of the contract alleged and that the acts of George Crnkovich cannot be accounted for on any other reasonable hypothesis. Likewise it cannot be said that there is clear, satisfactory and unequivocal evidence of the contract alleged.

In their brief plaintiffs request, if specific performance is denied, that a lien be impressed upon the real estate for the amount of the investment of George Crnkovich therein. Such relief must be denied. His remedy in such case would be in an action at law for the recovery back of such payment or payments as were made under the alleged oral contract. See *Taylor v. Clark, supra.* The fact that the statute barring the filing of claims against decedent estates

may bar a recovery furnishes no legal reason for the granting of relief in this action.

The judgment of the district court is affirmed.

AFFIRMED.