CHARLES LINTZ, APPELLANT, V. GEORGE APKING ET AL., APPELLEES.

18 N. W. 2d 55

FILED MARCH 9, 1945. No. 31902.

W. J. Moss, Melvin Moss and Albert S. Johnston, for appellant.

Hartigan & Skultety, contra.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action instituted by Charles Lintz, plaintiff and appellant, against George Apking, individually, and as executor of the estate of Anna K. Bell, deceased, whereby plaintiff seeks specific performance of an alleged parol contract entered into between him and Anna K. Bell whereby the said Anna K. Bell agreed to convey to him a fee simple title to the southwest quarter of section seven (7), township four (4) north, range two (2) east of the sixth P. M., in Jefferson county, Nebraska. By the decree of the court the petition of plaintiff was denied. From this decree plaintiff has appealed.

The pertinent history which furnishes the background for plaintiff's claim of a contract and a right of recovery is substantially the following: In 1917 Anna K. Bell became the owner of the described real estate. At that time plaintiff became her tenant and thus continued until 1922 when he entered into a contract for the purchase of the land. The contract was canceled on March 5, 1937, by written agreement between the parties at which time plaintiff and his wife quitclaimed whatever interest they had in and to the land to Anna K. Bell. By the terms of the agreement plaintiff became tenant thereon from the date thereof to March 1, 1939. The stipulated rent for the period from March 5, 1937, to March 1, 1939, was $200. As a part of the agreement plaintiff was given an option to purchase the land for $12,000 by March 1, 1939. The option was never exercised.

The plaintiff in his petition claims that at some time before the expiration of the lease Anna K. Bell orally offered,

which offer was accepted by plaintiff, that if plaintiff would remain and continue to live on the premises, leave improvements on the premises placed thereon by plaintiff, keep the premises in repair, make necessary improvements and pay the customary rent until her death, she would leave the farm to him as his absolute property. He alleges that he fully performed but that Anna K. Bell in her will left him only a life estate in the farm.

The statutory provisions declaratory of the rights of parties under parol contracts relating to lease and conveyance of real estate are quoted at large in *Taylor v. Clark*, 143 Neb. 563, 13 N. W. 2d 621, and *Crnkovich v. Crnkovich*, 144 Neb. 904, 15 N. W. 2d 66; therefore they do not require repetition here.

There is no longer any doubt as to the evidentiary burden which must be sustained by a party seeking the enforcement in a court of equity of a parol contract for the conveyance of real estate. It was said in *Overlander v. Ware*, 102 Neb. 216, 166 N. W. 611: "In considering cases of this character, where one is claiming the estate of a person deceased under an alleged oral contract, the evidence of such contract and the terms of it must be clear, satisfactory and unequivocal. Such contracts are on their face void as within the statute of frauds, because not in writing, and, even though proved by clear and satisfactory evidence, they are not enforceable unless there has been such performance as the law requires. The thing done, constituting performance, must be such as is referable solely to the contract sought to be enforced, and not such as might be referable to some other and different contract—something that the claimant would not have done unless on account of the agreement and with the direct view to its performance—so that nonperformance by the other party would amount to fraud upon him."

This statement of principle has been reiterated by direct quotation or reference in the recent cases of *Taylor v. Clark, supra; Cahill v. Mockett*, 143 Neb. 730, 10 N. W. 2d 679; *Crnkovich v. Crnkovich, supra*; and *Diez v. Rosicky, ante*, p. 242, 16 N. W. 2d 155.

The burden in the light of this rule has devolved upon the plaintiff (1) to prove an oral contract the terms of which are clear, satisfactory and unequivocal, and (2) that his acts constituting performance were such as were referable solely to the contract sought to be enforced, and not such as might have been referable to some other or different contract.

As to the first of these propositions the record is devoid of any evidence of the date of any offer or acceptance. In fact there is not even a word of evidence of any occasion when the parties negotiated or entered into any kind or character of agreement with regard to the farm in question after the date of the agreement entered into on March 5, 1937. The only evidence in the record even remotely indicating any kind of oral agreement was the testimony of certain witnesses who testified that Anna K. Bell expressed to them an .intention of leaving the farm to plaintiff and a post card written by her bearing the following words: "It is in my will that the place is yours; * * * ."

This evidence falls short of proof that the performance claimed by plaintiff was referable solely to an oral contract to convey to plaintiff title to the land in question. We have no difficulty in arriving at the conclusion that the claimed performance was as readily referable to a contract to pass to plaintiff a life estate, the estate which was actually passed, as a fee title.

The decree of the district court is affirmed.

AFFIRMED.