DICK J. CASPERS ET AL., APPELLANTS, v. FANNIE FRERICHS ET AL., APPELLEES.

21 N. W. 2d 513

FILED JANUARY 25, 1946. No. 32001.

*Albert S. Johnston*, for appellants.

*Tyler & Frerichs* and *Cline, Williams & Wright,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This is a suit in equity wherein it is sought to obtain specific performance of an oral contract to devise real and personal property and establish a trust for the purpose of enforcing the same. At the conclusion of the plaintiff's evidence defendants moved to dismiss for want of sufficient evidence to sustain a judgment. The trial court thereupon sustained the motion and entered judgment dismissing the case at plaintiffs' costs. Motion for new trial was overruled and plaintiffs appealed to this court assigning that the trial court erred in sustaining the motion and in the refusal to receive in evidence certain described and enumerated exhibits offered by them. We find that these contentions cannot be sustained.

In arriving at the conclusions hereinafter set forth we are mindful of the rule that: "When a defendant moves for a dismissal at the close of plaintiff's evidence, he thereby admits plaintiff's evidence to be true, together with every conclusion which fairly and reasonably may be drawn therefrom." Lucas v. Lucas, 138 Neb. 252, 292 N. W. 729.

Plaintiffs are always confronted in similar cases with the necessity of removing their alleged oral contract from the operation of the statute of frauds, the applicable provisions of which will be found in sections 36-103 to and including 36-106, R. S. 1943.

Generally in a suit to enforce specific performance of an oral contract embraced within the statute of frauds, the burden is upon the plaintiff to establish two distinct elements by a preponderance of the evidence which must be clear, satisfactory, and unequivocal in character or quality. Those elements are acts of part performance of the contract and the terms of the contract itself. Theoretically, the acts of performance must be first proved in order to fulfill the

condition precedent to admission of parol evidence of the contract. This is not, however, a mere question of the order of proof but involves the very principle of equity jurisdiction itself. The rule is that nothing will be considered as part performance which does not put the party into a situation which is a fraud upon him unless the alleged contract is fully performed because equity interferes in such cases only to prevent fraud or unconscionable advantage. Overlander v. Ware, 102 Neb. 216, 166 N. W. 611.

In that connection plaintiffs contend that acts of performance adduced in evidence for that purpose need not be solely referable to the identical oral contract alleged if naturally referable to and not inconsistent with some contract, such as the one alleged. They argue that if such facts are shown and there is evidence supporting the existence of the contract alleged, then the evidence is sufficient to sustain a judgment. In cases similar to the one at bar that contention is not entirely correct as will be observed by an examination of recent authorities from this jurisdiction which are hereinafter cited.

It was said in Overlander v. Ware, *supra*: "In considering cases of this character, where one is claiming the estate of a person deceased under an alleged oral contract, the evidence of such contract and the terms of it must be clear, satisfactory and unequivocal. Such contracts are on their face void as within the statute of frauds, because not in writing, and, even though proved by clear and satisfactory evidence, they are not enforceable unless there has been such performance as the law requires. The thing done, constituting performance, must be such as is referable solely to the contract sought to be enforced, and not such as might be referable to some other and different contract— something that the claimant would not have done unless on account of the agreement and with the direct view to its performance—so that non-performance by the other party would amount to fraud upon him."

That applicable statement of the law has either been adopted verbatim or reaffirmed by reference in five recent

cases decided by this court. See Taylor v. Clark, 143 Neb. 552, 563, 10 N. W. 2d 495, 13 N. W. 2d 621; Cahill v. Mockett, 143 Neb. 730, 10 N. W. 2d 679; Crnkovich v. Crnkovich, 144 Neb. 905, 15 N. W. 2d 66; Diez v. Rosicky, 145 Neb. 242, 16 N. W. 2d 155; and Lintz v. Apking, 145 Neb. 714, 18 N. W. 2d 55.

In the latter case above cited it was held: "In order to enforce an oral contract for the conveyance of the estate of a deceased person the evidence of the contract and its terms must be clear, satisfactory and unequivocal; the evidence of performance must be clear and satisfactory; and the thing done constituting performance must be such as is referable solely to the contract sought to be enforced and not such as might be referable to some other and different contract."

Other cases cited herein as positively state the rule but in different language. For example in Taylor v. Clark, supra, it was held: "Specific performance of an oral contract to convey real estate may not be decreed on the basis of part performance unless the acts of part performance by the promisee, in relation to the subject-matter, in and of themselves unequivocally indicate the existence of the contract alleged and cannot be accounted for on any other reasonable hypothesis.

"An oral contract to convey real estate is void and unenforceable as within the statute of frauds unless there has been part performance by the promisee which is solely referable to the contract sought to be enforced and not such as might be referable to any other contract or hypothesis."

Also in Crnkovich v. Crnkovich, supra, it was held: "Before specific performance of an oral contract to convey real estate will be decreed the acts claimed to be in part performance themselves must unequivocally indicate the existence of the contract alleged and cannot be accounted for on any other reasonable hypothesis.

"In an action for specific performance of an oral contract where one is claiming the estate of a deceased person the evidence of such contract and its terms must be clear, satisfactory and unequivocal."

Likewise in Diez v. Rosicky, *supra,* it was held: "In a suit to enforce an oral agreement within the statute of frauds on the ground of part performance, the part performance must refer to, result from, or be in pursuance of the oral contract sought to be enforced, and not from some other relation.

"To sustain such an oral agreement the evidence must be clear, satisfactory and unequivocal."

It is upon these well-established principles of law that we must measure plaintiffs' case. With that in view we will attempt to apply them to the undisputed facts.

The record discloses that plaintiffs are the surviving children of Habbe D. Caspers, deceased May 20, 1936. Defendants are the beneficiaries of the will of Thomas D. Caspers, deceased December 23, 1942. The spouse of one such beneficiary was also made a party defendant. The oral agreement involved is alleged to have been made by Habbe and Thomas who were brothers. Thomas was unmarried. They had two brothers, Jann D. Caspers and Ehme D. Caspers, who lived in Germany. Jann, unmarried, and in poor health, was the owner of property in Germany. He wrote to Habbe suggesting that upon his death Habbe give his share of Jann's property to their brother, Ehme. Before Jann's death Habbe and Thomas talked the matter over. Habbe then suggested to Thomas that he, Habbe, would give his share to Ehme if Thomas, who owned property here, would leave his property to Habbe or his children. To that suggestion Thomas replied that he thought it was a good idea and he would be willing to do it that way.

The theory of plaintiffs' case, as substantially pleaded in their petition, is that after the death of Jann in 1922, leaving surviving his three brothers as sole heirs at law, Habbe and Thomas orally agreed that if Habbe would assign all of his interest in Jann's property in Germany to Ehme, then Thomas would leave all of his property to Habbe or his children, the plaintiffs. It is alleged that although Habbe made such an assignment, relying upon the agreement, Thomas, after the death of Habbe, in violation thereof willed all his property to defendants.

. We have examined the exhibits which plaintiffs complain were erroneously excluded by the trial court. They consist of letters from Ehme to Habbe and copies of documents involved in the settlement of Jann's estate in Germany. It is argued that they, together with the execution of some of them by Habbe and Thomas, contain and demonstrate the acts of performance necessary to remove plaintiffs' case from the statute of frauds. We find no reference in the exhibits, either directly or indirectly, to plaintiffs' alleged oral contract. Further they contain no evidence of any acts of performance solely referable to or unequivocally indicating the existence of the oral contract alleged or any other contract of similar character. Conclusively we believe that they are solely referable to and unequivocally indicate simply that Habbe and Thomas both severally agreed with Ehme to assign and that each of them did assign all of his respective interest in Jann's property in Germany to their brother, Ehme. It was only natural for them to do so, as suggested by both Jann and Ehme. Their brother, Ehme, whose wife was deceased, had a large family to support in Germany, which was at that time a war-torn, tax-burdened, and inflation-infected country. If we are to believe the exhibits their brother Jann's entire estate after payment of taxes was of little value.

We conclude that the record does not contain or demonstrate any act or acts of performance solely referable to the contract alleged which would place plaintiffs or their predecessors in a situation where any fraud would be perpetrated upon them unless the alleged contract was fully performed. Whether the trial court properly excluded the exhibits need not be decided for the reason that if admitted and considered by the court they could not change the result in any event.

Further, without reciting it at length, we believe that the evidence adduced by plaintiffs relating to the alleged contract and its terms was not clear, satisfactory, and unequivocal, as required in such cases. Concededly, however, there is some evidence by plaintiffs of equivocal character con-

cerning various conversations which they overheard between Habbe and Thomas some 20 years ago to the effect that Habbe told Thomas he would assign his interest in Jann's property to Ehme if Thomas would leave his property to Habbe, or his children, and that Thomas assented thereto.

Be that as it may, from what has been heretofore said it will be apparent at once that plaintiffs cannot prevail even if we assume that there was competent evidence of such an oral contract, as claimed by plaintiffs. Other propositions of law are ably presented by brief of counsel but we find it unnecessary to discuss them.

For the reasons heretofore stated the judgment of the trial court is affirmed.

AFFIRMED.