ALICE BUSTEED, APPELLEE, v. WALTER W. SHEFFIELD ET AL., APPELLANTS, IMPLEADED WITH HELEN M. FORD ET AL., APPELLEES.

44 N. W. 2d 471

Filed October 31, 1950.    No. 32768.

V. H. Halligan, for appellants.

Baskins & Baskins, for appellee.

Heard before SIMMONS, ·C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This action as originally instituted was by Alice Busteed, plaintiff, against Walter W. Sheffield, Ida Sheffield, Helen M. Gile, Robert Busteed, Allen Stimson, Gordon Stimson, and Ruby Stimson, defendants. Helen M. Gile became Helen M. Ford by marriage after the commencement of the action and before the trial. The object and purpose of the action was to have vacated and set aside a deed to a half section of land in Keith County, Nebraska, from Mansfield Sheffield and Ellen D. Sheffield to Walter W. Sheffield and to have title to the said land quieted in plaintiff, Walter. W. Sheffield, Helen M. Gile, Allen Stimson, and Gordon Stimson, all being heirs at law of Mansfield Sheffield and Ellen D. Sheffield both of whom were deceased. Other relief was sought under the pleadings but determination thereon was reserved until after final decision upon the validity of the deed.

Alice Busteed, Walter W. Sheffield, and Helen M. Ford are children of Mansfield Sheffield and Ellen D. Sheffield and Allen Stimson and Gordon Stimson are the children of their deceased daughter. Ida Sheffield is the wife of Walter W. Sheffield and Ruby Stimson is the wife of Gordon Stimson. Robert Busteed is the husband of the plaintiff.

The district court by its decree declared void the deed and quieted title to the land in Alice Busteed, Walter W. Sheffield, Helen M. Ford, Allen Stimson, and Gordon Stimson. From the decree the defendants Walter W. Sheffield and Ida Sheffield have appealed.

A large number of assignments of error appear· in the brief but because of their interrelationship they are not subject to separate designation and treatment herein.

The record discloses that Mansfield Sheffield obtained title to a portion of the land in question in 1900 and the

remainder in 1902 and that on December 30, 1929, he and Ellen D. Sheffield executed a deed to all of it in favor of Walter W. Sheffield. Walter W. Sheffield went into possession of the land as a tenant in about January 1920. By his pleadings he contends that his tenancy was coupled with an oral agreement whereby he was to receive full title to the land on the death of his parents. His mother died in February 1940. A short time thereafter Walter W. Sheffield came into possession of the deed. The deed was filed for record in December 1940. Mansfield Sheffield died on April 10, 1945.

The plaintiff offered no direct evidence as to where the deed reposed from the date of its execution until December 1940 when it was filed for record by Walter W. Sheffield. Also no evidence was offered as to knowledge of its existence or how it might have come into possession of Walter W. Sheffield except that his father had a box in which he kept papers which box at some uncertain time was turned over to him by one of the sisters.

As a part of her case the plaintiff adduced evidence that Walter W. Sheffield stated after recording the deed that he neither had nor made any claim to title to the land in the lifetime of his father. Walter W. Sheffield pleaded affirmatively in his answer that he claimed no title to the land in the lifetime of his parents.

This was the state of the record in this case at the close of plaintiff's evidence at which time the defendants Sheffield moved for dismissal on the ground that the evidence did not sustain a cause of action. The point of the motion is that in this state of the record Walter W. Sheffield was the grantee in possession of a deed which had been duly executed and was entitled to a presumption that the deed had been duly delivered. He contends that the burden was upon the plaintiff to prove that there was no valid delivery of the deed.

It is well settled that possession of a duly executed deed is prima facie proof of delivery and the burden

is on one contesting it to overcome the presumption of delivery. Roberts v. Swearingen, 8 Neb. 363, 1 N. W. 305; Wilson v. Wilson, 85 Neb. 167, 122 N. W. 856; Clark v. Holmes, 109 Neb. 213, 190 N. W. 493; Ladman v. Ladman, 130 Neb. 913, 267 N. W. 188.

If failure of delivery was the sole essence of plaintiff's right of recovery and if she has sustained the burden contemplated by this legal rule then of course the district court did not commit error in overruling the motion to dismiss. If she did not it was the duty of the court to sustain the motion.

As we view the record it seems apparent that these defendants were entitled at the conclusion of plaintiff's evidence to the benefit of the presumption of delivery of the deed in question. It does not follow however that because thereof they were entitled to have their motion to dismiss sustained. That was not the only determinable factor in the case and not the only basis of the cause of action at that time.

The plaintiff sufficiently pleaded that the deed was not operative as an instrument of conveyance of the real estate described therein. In support of the pleading as hereinbefore indicated evidence was adduced and received that Walter W. Sheffield stated and admitted that he had and claimed no right or estate in the lands as against the father in his lifetime.

If this was true, and at the time the motion was made the court was required to regard it as true, the deed did not have the effect that it purported to have on the date of execution, on the date of delivery, or at the time of recording, and the burden of proving a cause of action had been sustained without regard to whether or not Walter W. Sheffield was entitled to the presumption attending the unexplained possession of a deed.

When a defendant at the close of the evidence of plaintiff moves for a dismissal of the action for want of evidence to support a judgment or decree the defendant

admits the truth of the evidence and every reasonable conclusion which may be drawn therefrom. Schroeder v. Bartlett, 129 Neb. 645, 262 N. W. 447; Meyer v. Platt, 137 Neb. 714, 291 N. W. 86; Lucas v. Lucas, 138 Neb. 252, 292 N. W. 729; Caspers v. Frerichs, 146 Neb. 740, 21 N. W. 2d 513; Casper v. Frey, 152 Neb. 441, 41 N. W. 2d 363.

Coupled with this rule is another rule which requires the court, when a motion is made at the close of plaintiff's evidence to dismiss for want of evidence to sustain a cause of action, to determine the question as a matter of law. Schroeder v. Bartlett, *supra;* Lucas v. Lucas, *supra;* Caspers v. Frerichs, *supra;* Casper v. Frey, *supra.*

On his own behalf with regard to the cause of action pleaded by plaintiff, the defendant Walter W. Sheffield offered evidence which without peradventure refutes his contention that there was an actual or presumptive delivery of this deed by his father to him. He got the deed from an attorney in Ogallala, Nebraska, in February 1940, shortly after the death of his mother. This attorney probably drew it since he took the acknowledgment of the grantors thereto in 1929. If the deed was ever out of the possession of the attorney prior to February 1940 there is no evidence of that fact. There is no evidence that the attorney was agent, attorney, or attorney in fact for any party at the time of delivery and no evidence that the father directed or even knew of the delivery.

The incidents pertaining to receipt of the deed to the extent necessary to set them forth here are as follows: After the death of Ellen D. Sheffield, Mansfield Sheffield, Walter W. Sheffield, and the two sisters of Walter went to the office of the lawyer and there the deed and the will of Ellen D. Sheffield were passed separately to Walter. He passed the will along to the others to be read and put the deed in his pocket. The testimony of Walter W. Sheffield, which is the only pertinent testimony relating to the subject, is the following: "Q After

Mr. DeVoe called up, what did you do? A I come to town and picked up Pop and the girls. Q And where did you go to? A Mr. DeVoe's office. Q And now when you went in there, did Mr. DeVoe give you some papers? A He did. Q And what papers did he give you? A My deed and the will. Q What will is that? A Mother's. Q And what did you do with the will at that time? A I handed it to Pop. Q And what did he say? A He said, 'I know what's in that,' and he handed it back and I handed it to Helen. Q Were these papers in a separate envelope, or just folded up? A They were separate, not together. The deed and will weren't together. Q What I mean: Were they in an envelope, or just loose? A They were loose. Q And you handed the will, then, to—A My sister, Helen. Q And she read the will, then, did she? A She did. Q And what was then done with the will? A She handed it to Alice. Q Was there any discussion in Mr. DeVoe's office in reference to the deed? A No. Q And what did you do with the deed? A Just put it in my pocket. Q And where did you all four go after you got the deed? A Come back up home."

As a circumstance bearing on the question of whether or not there was a delivery of the deed, a short time after it was recorded Mansfield Sheffield filed of record a statement in which he repudiated any knowledge of delivery or intention to deliver the deed to Walter W. Sheffield. As a further circumstance to be considered Walter W. Sheffield thereafter took no known steps in the lifetime of his father to have his status with regard to the real estate clarified.

Coming now to the defense as pleaded by the defendants Sheffield in their answer it is observed again that they do not in fact claim any title by virtue of the delivery of the deed in question. They claim only that Walter W. Sheffield became entitled to the land on the death of Mansfield Sheffield and Ellen D. Sheffield. Their claim is based on an alleged oral contract which they say they performed by the terms of which they were to

go upon the land in 1920, farm it, improve it, and pay rent therefor until the death of Mansfield Sheffield and Ellen D. Sheffield, whereupon it would become the land of Walter W. Sheffield. Their substantial contention is that the deed became effective on the death of Mansfield Sheffield for the purpose of carrying into effect the alleged oral contract.

The defendants Sheffield sought by their pleadings to have title quieted in them pursuant to the terms of the alleged oral contract.

It is well settled that one seeking specific performance of an oral contract for the conveyance of real estate has the burden of proving by a preponderance of evidence a contract which is clear, satisfactory, and unequivocal in its terms; that he has performed the burdens imposed upon him by the contract; and that his acts constituting performance were such as were referable solely to the contract sought to be enforced, and not such as might be referable to some other or different contract. Riley v. Riley, 150 Neb. 176, 33 N. W. 2d 525; Lunkwitz v. Guffey, 150 Neb. 247, 34 N. W. 2d 256; Anderson v. Anderson, 150 Neb. 879, 36 N. W. 2d 287; Jenkins v. Jenkins, 151 Neb. 113, 36 N. W. 2d 637; Noetzelmann v. Noetzelmann, *ante* p. 133, 43 N. W. 2d 515.

There was no competent evidence adduced of the oral contract alleged. Walter W. Sheffield offered to prove by his own testimony such a contract but the offer was rejected. No error is predicated upon the rejection. The propriety of the rejection therefore does not require consideration herein. The only other evidence bearing on the subject was testimony by the daughters that there was a general understanding that Walter W. Sheffield would receive this land in the distribution of the estate of his parents, and some very indefinite purported statements of Mansfield Sheffield that this land was or would become the property of Walter W. Sheffield.

In this light necessity for a consideration of the question of performance does not arise.

The district court correctly decreed that the deed in question was invalid and further correctly quieted title in Alice Busteed, Walter W. Sheffield, Helen M. Ford, Allen Stimson, and Gordon Stimson, which decree is affirmed.

AFFIRMED.