ANDREW NELSON ET AL., APPELLANTS, V. HELEN GLIDEWELL
ET AL., APPELLEES.
51 N. W. 2d 892

Filed February 29, 1952.  No. 33076.

*Torgeson, Halcomb & O'Brien,* for appellants.

*Beatty, Clarke, Murphy & Morgan,* and *Martin & Davis,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity by Andrew Nelson and Anna Nelson, husband and wife, plaintiffs and appellants, against Helen Glidewell, widow of George H. Glidewell; O. A. Olson, administrator of the estate of George H. Glidewell; and the unknown heirs of the said George H. Glidewell, defendants and appellees.

The action is for specific performance of an alleged oral agreement by which George H. Glidewell, in his

lifetime, and Helen Glidewell, whose name was formerly Helen Kennedy, agreed to execute reciprocal and mutual wills each devising to the other his or her property and on death of the surviver to the plaintiffs herein, which wills were to be drawn after the marriage of George H. Glidewell and Helen Kennedy so as to permit bequests totaling $500 to take precedence over the devise to the Nelsons contemplated by the agreement. The alleged agreement was entered into on or about May 8, 1940. The marriage took place thereafter on May 29, 1940.

Among other defenses to the action the defendants denied that any such agreement as was alleged or any enforceable agreement was entered into between the parties.

The cause was tried and at the close of the evidence of plaintiffs the trial court among other findings found that the plaintiffs had failed to prove the existence of a valid and enforceable contract and by decree dismissed plaintiffs' action with prejudice. Motion for new trial was duly filed and overruled. From the decree and the order overruling the motion for new trial the plaintiffs have appealed. There are numerous assignments of error.

The substance of one group of the assigned grounds for reversal is that the court erred in finding and decreeing that plaintiffs had failed to prove the existence of a valid and enforceable contract.

In a case such as this where a party seeks specific performance of an oral contract for the conveyance of land of a deceased person, the burden is on such person to prove an oral contract, the terms of which are clear, satisfactory, and unequivocal and that the acts of part performance in relationship to the subject matter in and of themselves are such as are referable solely to the contract sought to be enforced and cannot be accounted for on another reasonable hypothesis. Crnkovich v. Crnkovich, 144 Neb. 904, 15 N. W. 2d 66; Lintz v. Apking, 145 Neb. 714, 18 N. W. 2d 55; Lunkwitz v. Guffy, 150 Neb.

247, 34 N. W. 2d 256; Casper v. Frey, 152 Neb. 441, 41 N. W. 2d 363; Busteed v. Sheffield, 153 Neb. 253, 44 N. W. 2d 471.

The only evidence of the contract alleged or of any other contract between these parties is the following: "Q Will you please tell the Court what Mrs. Glidewell said to any of you—to you or to Mr. Kepler or to Mr. Glidewell or to Mr. Nelson in this conversation in May, 1940 when Mr. Kepler was out to your house in the presence of these other people and during the afternoon? A Well, Mr. Kepler come out at 2 o'clock in the afternoon, and she said, 'we want Mr. Kepler to come out because George and I have decided to make up some papers', and I said, 'Oh, you have?', and she said 'yes', and so Mr. Kepler came out and we was not quite through eating, and he told us to finish our meals, and after we finished our dinner Mr. Kepler and Mr. and Mrs. Glidewell went into our front room and shut the door. Q Who was that, the Glidewells? A Yes, Mr. and Mrs. Glidewell, and after they had a conversation in the front room they came out in the dining room and sat around the table, and Mrs. Glidewell spoke up and she said, 'Mrs. Nelson, Mr. Kepler is going to make out some papers, and we was wondering if you two folks would be willing to take care of us after a while'—she said, 'when we need help', and I asked her if she would just let me think a little bit and decide with Mr. Nelson, and she said 'yes', and then we decided we would, and then she said 'we will have Mr. Kepler make out a will for you', and so Mr. Kepler spoke up and he said 'I am going to town and make these papers and I will be out to your house with some witnesses, and I will come out there and have them signed by you', and Mr. Kepler asked if we was willing and satisfied to take care of them and I answered, 'yes'. Q Did Mrs. Glidewell speak to Mr. Glidewell while you were there? A She said to Mr. Glidewell, 'Is that all right George' and he said 'yes, it is okay with me'. * * * Q Now, Mrs.

Nelson, when George was talking there, was he talking to anyone other than you, or to whom did he talk to? A To all of us in the room; Mr. Kepler, Mr. Nelson, me and Mrs. Glidewell; we was all around the table. Q What did Mrs. Glidewell say, if anything, about the relatives? A Well, she said 'George and I have decided there is not any of our relatives that is going to inherit after us, because we got a right to give our property and what we got to anybody that we want to'. Q What did George say back to Mrs. Glidewell? A He said the same thing."

The only evidence offered in addition to this was testimony of R. P. Kepler, an attorney. Whether or not this offered testimony had probative value in support of the alleged contract we are not required to decide. It was clearly inadmissible.

The testimony sought to be elicited was clearly communications and information received by Kepler in the role of attorney for the Glidewells and therefore inadmissible. §§ 25-1201 and 25-1206, R. R. S. 1943; In re Estate of Coons, 154 Neb. 690; 48 N. W. 2d 778.

In re Estate of Coons, *supra,* contains the latest expression of this court on this subject. In the opinion it is pointed out that an attorney may testify to factual matters relating to execution of a will but that anything in the nature of a communication is privileged and is inadmissible unless waived.

The appellants assert that Kepler was attorney for both parties in relation to the same business and contend for the rule that when two or more persons employ the same attorney in relation to the same business their communications are not privileged between themselves, even though their interests may be diverse, where the disclosures are made in the presence of all parties concerned, or are intended for the information of all parties. Adler & Sons Clothing Co. v. Hellman, 55 Neb. 266, 75 N. W. 877; Jenkins v. Jenkins, 151 Neb. 113, 36 N. W. 2d 637.

This rule can have no application in this case since under the facts it cannot be said that Kepler was ever attorney for the plaintiffs and the Glidewells. Kepler was called, it is true, by the plaintiffs but at the instance and request of the Glidewells to perform service alone for the Glidewells.

The admissible evidence in the record we conclude is not sufficient within the meaning of the stated legal principles as proof of the contract alleged. It falls short of clear, satisfactory, and unequivocal evidence of the terms of the contract alleged.

The finding of the district court and the decree dismissing the action with prejudice was in all respects proper.

This conclusion renders unnecessary consideration of the other assignments of error.

The decree of the district court is affirmed.

AFFIRMED.