DICK FLESSNER, APPELLANT, V. ANTHONY J. WENQUIST ET AL., APPELLEES.

56 N. W. 2d 294

Filed January 2, 1953. No. 33219

*Howard V. Kanouff* and *George W. Haessler,* for appellant.

*H. A. Bryant* and *Swenson, Viren & Turner,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action in equity for specific performance of an alleged oral contract the subject of which is land in Saunders County. The district court denied the relief asked by appellant, dismissed his petition, and denied his motion for a new trial.

Appellant alleged that he entered into the possession of the land as a lessee under a written lease with the then owners thereof about March 1, 1934, and was thereafter until April 4, 1951, the date of the filing of his amended petition, in the possession thereof; that in the year 1937 Ludwig J. Thorstenson, Esther H. Thorstenson, and Ada L. Thorstenson, the owners of the real estate,

desired appellant to continue in the possession of the land; that they then entered into an oral agreement with him by the terms of which he was to continue to occupy it until the death of the last of the three owners, pay one-half of all crops raised thereon to the owners or the survivor or survivors of them, keep the land in good fertility, the fences and buildings thereon in good repair, treat the real estate as his own, put such improvements thereon as he desired without expense to the owners, except such improvements or repairs as they elected to make; that in the event Ludwig J. Thorstenson predeceased either or both of his sisters, Esther H. Thorstenson and Ada L. Thorstenson, appellant would aid, assist, and look after their needs as would a brother; that in consideration of the promises of appellant as stated the owners of the real estate promised and agreed that appellant should consider the real estate as belonging to him except for the payment of rentals as recited above; that he would never have to move therefrom; that the last survivor of the owners would devise the real estate to him; that the last survivor of the owners of the land was Ada L. Thorstenson; that she died intestate on August 14, 1950; that she failed to devise the land to appellant as she was required to do by the agreement; and that he fully and timely performed the contract.

Appellees, except the administrators of the estate of Ada L. Thorstenson, deceased, denied that any contract was made between Ludwig J. Thorstenson, Esther H. Thorstenson, and Ada L. Thorstenson, or any of them, and appellant by which he was to acquire title to the land in any manner or at any time; denied that appellant had any right, title, or interest in or claim to the land; and they asked that the action be dismissed. The representatives of the estate of Ada L. Thorstenson, deceased, denied the claims of appellant; alleged their decedent was the owner of the land at the time of her death; that her heirs were the owners thereof; and that

they as administrators were entitled to the rents and profits from the land during the administration of the estate of the deceased.

The district court found that the alleged contract relied upon by appellant was within the bar of the statute of frauds; that there was no direct evidence that the alleged contract was made; and that there was no sufficient evidence of the existence of the contract or the terms and conditions thereof. The relief sought by appellant was denied.

Appellant asserts that the findings and decree of the district court are not sustained by the evidence but are opposed to it and that they are contrary to law.

There is an absence of evidence of any conversation or negotiation of any kind or manner at any time between the owners of the land involved in this case or any of them and appellant concerning the alleged oral contract. In other words there is no direct proof of it. Likewise there is an entire absence of testimony that any of the persons to the supposed contract by expression or otherwise admitted that there was an agreement. There was no attempt to connect Esther H. Thorstenson, the owner of one-sixth of the land, with the supposed contract. There is not the faintest trace of evidence that she made any agreement with appellant or any one else for the disposition of her interest in the land.

The appellant produced testimony of statements of Ludwig J. Thorstenson made to neighbors and acquaintances which it is claimed proved the contract relied on in this case. One of these testified that in the year 1937 or 1938 he suggested to Mr. Thorstenson that he should sell the farm on which appellant lived and move to town. Mr. Thorstenson stated in reply " 'That's Dick's farm.' " At a later time during a conversation with the same person concerning the Mead military installation, Mr. Thorstenson said: " 'Thats a good thing they didn't go any farther west or they would take Dick's farm.' "

He said on another occasion " 'That's Dick's farm and he's a good renter, that was his farm.' 'I told him to fix up everything on that place, its your farm.' " It was testified that Mr. Thorstenson said to a neighbor and her daughter in the fall of 1947 that Dick was a good farmer and " 'that place (pointing north toward where appellant lived) will stay to Dick, he will never have to move' "; that Dick was always willing to help him and did help him; and " 'That's Dick Flessner's farm, that's going to be Dick Flessner's farm.' " A former tenant of a part of the Thorstenson land testified that about the year 1938, 1939, or 1940, he "joshed" Mr. Thorstenson about the farm he gave to Dick and that he replied " 'That's a person's business, Dick needs it, he's got a large family.' " This witness testified about another occasion in this way "Well, I would always tell him, 'If you give that to Dick you got lots of money you can give me some' he would laugh and say, 'You are not as close to me as Dick', then I would forget it and then later I would bring it up again." This is all that appears in the record that is claimed to establish Ludwig J. Thorstenson as a party to the alleged oral contract.

The evidence intended to show that Ada L. Thorstenson was a party to and was bound by the alleged oral contract is even more limited. The former tenant referred to above testified that when he, Mr. Thorstenson, and Ada L. Thorstenson were present there was a conversation concerning the land involved herein and at that time Ada said " 'Well Dick is awful nice to us.' " After the death of her brother, Ludwig J. Thorstenson, in a conversation with a neighbor it is said that Ada inquired if her brother had told the neighbor who he, Ludwig, was going to give " '* * * them farms to * * *.' " The neighbor told her Ludwig was giving " '* * * that farm to Dick' " and she answered " 'That's all right.' * * * 'Dick did a lot of work for us.' " There is evidence that in a conversation between Ada L. Thorstenson

and a neighbor after the death of her brother and a few months before her death she said she did not know what to do with a house she had bought in town; that " 'Some people said I should make a will, I don't know' "; and she added " 'I want to give something to the church, something to the College and something to Dick.' "

The record is silent except the assertions of the petition as to when and between whom the agreement was made. The same is true as to what it contained. It is not disclosed by proof what the owners of the land offered the appellant or what he promised the owners. It was of peculiar importance as to Ada L. Thorstenson for appellant to establish her offer and the acceptance of it by him because she was the last survivor of the owners of the land. Under the theory of appellant she was bound by the terms of the alleged contract to devise the land to him. He had the inescapable necessity of showing by satisfactory, unequivocal, and convincing proof that she entered into the contract alleged by him. The initial burden in this case was on appellant, as it is on every plaintiff in a case of this class, to prove the contract and the terms thereof as alleged by a preponderance of evidence which is clear, satisfactory, unequivocal, and convincing. In essence the attempt of appellant in this case is by a contract resting in parol to distribute the estate of a deceased person in a way contrary to that provided by law. The evidence to support such a result is and properly must be scrutinized carefully and in a most scrupulous manner. Such a contract must be established by clear and convincing evidence, and its terms must be definite and certain. In Overlander v. Ware, 102 Neb. 216, 166 N. W. 611, this court laid down the rule which has been consistently followed and frequently repeated as follows: "In considering cases of this character, where one is claiming the estate of a person deceased under an alleged oral contract, the evidence of such contract and the terms of it must be clear, satisfactory and unequivocal. Such

contracts are on their face void as within the statute of frauds, because not in writing * * *." See, also, Lintz v. Apking, 145 Neb. 714, 18 N. W. 2d 55; Caspers v. Frerichs, 146 Neb. 740, 21 N. W. 2d 513; Casper v. Frey, 152 Neb. 441, 41 N. W. 2d 363; Nelson v. Glidewell, 155 Neb. 372, 51 N. W. 2d 892; Annotation, 69 A. L. R. 14.

The case of appellant fails to satisfy the first requisite of a case of this character and the trial court was correct in denying appellant the relief he sought.

The cross-appeal tests the correctness of the findings of the trial court that appellant rendered services and performed acts for the benefit of Ludwig J. Thorstenson, Esther H. Thorstenson, and Ada L. Thorstenson; and that he at his expense made improvements on and to their land for which he should be compensated upon a quantum meruit basis. The court determined the amount appellant should recover from appellees and judgment therefor was rendered against them and in favor of appellant. Appellees question the authority of the district court in this regard. There is no pleading to support the findings and judgment contested by the cross-appeal. The record is devoid of showing of any relationship between the parties. The appellees are the personal representatives and heirs of Ada L. Thorstenson, deceased. If appellant had any right to compensation for services rendered Ludwig J. Thorstenson, Esther H. Thorstenson, and Ada L. Thorstenson and for improvements placed on the real estate involved herein, it necessarily was derived from their relationship with appellant and not from any relationship with appellees. He and the appellees were strangers. There is no pleading or proof that appellant had the obligation of any one to compensate him for the services rendered or the improvements made by him on the land. Likewise there is no evidence showing to which of the three persons the various services were rendered and no differentiation of the interest each had in the improvements allegedly placed on the farm. The appellees who are the heirs of

Ada L. Thorstenson could not be held liable for services rendered to Esther H. Thorstenson or Ludwig J. Thorstenson, and appellees could not be held liable for the value of all the improvements placed on the farm at a time when Ada L. Thorstenson was not the owner of the whole thereof. She did not become responsible for any indebtedness of her brother and sister because she became their heir. Neither did appellees become responsible for any indebtedness of Ada L. Thorstenson because of their relationship to her and her death. A statute expressly protected the administrators of the estate of Ada L. Thorstenson, deceased, from judgment for the liability recited in the findings. § 30-801, R. R. S. 1943; Rehn v. Bingaman, 151 Neb. 196, 36 N. W. 2d 856.

A suit to enforce an oral contract to devise real estate and a claim for money only on a quantum meruit basis are inconsistent. This principle is recognized in Crnkovich v. Crnkovich, 144 Neb. 904, 15 N. W. 2d 66, in which it is said: "In their brief plaintiffs request, if specific performance is denied, that a lien be impressed upon the real estate for the amount of the investment of George Crnkovich therein. Such relief must be denied. His remedy in such case would be in an action at law for the recovery back of such payment or payments as were made under the alleged oral contract. * * * The fact that the statute barring the filing of claims against decedent estates may bar a recovery furnishes no legal reason for the granting of relief in this action."

If any amount was due appellant for services rendered the owners of the land or for improvements placed thereon, he could only get it from the estate of the person or the estates of the persons indebted to him. The district court has no probate jurisdiction. The county court only has original jurisdiction to entertain and allow a claim based on a liability of a deceased person existing at the time of his death. Rehn v. Bingaman, supra; Moore v. Moore, 58 Neb. 268, 78 N. W. 495. The

judgment of the district court awarding appellant recovery for services rendered and improvements made on the land cannot be sustained.

The judgment of the district court denying specific performance of the alleged oral contract relied upon by appellant as the basis of this case should be and it is affirmed. The judgment in favor of appellant for the value of services rendered and the improvements made on the land by him should be and it is reversed and the cause remanded with directions to the district court for Saunders County to enter a judgment in accordance with this opinion.

AFFIRMED IN PART AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.